UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID J. SCOTT,

    Plaintiff,

                                                    Case No. 1:06-cv-568

v

                                                    Hon. Wendell A. Miles

C/O PATRICK, C/O WICKWIRE,
C/O MILLER, and C/O DIGERT,

    Defendants.

_____/

ORDER ON PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

This is a *pro se* civil rights action filed by a former Michigan prisoner. On September 18, 2006, United States Magistrate Judge Ellen S. Carmody issued a Report and Recommendation ("R & R") recommending that the complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2) because plaintiff's claims are time-barred. Plaintiff has filed objections to the R & R, in which he argues that the Magistrate Judge erred in concluding that his claims were time-barred because the limitation period was tolled while he pursued his administrative remedies.

The court, having reviewed the R & R filed by the United States Magistrate Judge in this action, having reviewed the file in this matter, and having reviewed the plaintiff's objections, concludes that the Magistrate Judge did not err in concluding that plaintiff's claims are time-barred.

The Magistrate Judge was correct that absent any tolling provisions, plaintiff had three years from May 6, 2003 to file his federal civil rights claims.  See Mich. Comp. Laws § 600.5805(10); Carroll v. Wilkerson, 782 F.2d 44, 44 (6th Cir.1986).[1]  Although the Sixth Circuit has held that the limitation period is subject to tolling for prisoners who are required to exhaust administrative remedies under 42 U.S.C. § 1997e(a), see Brown v. Morgan, 209 F.3d 595, 596 (6th Cir. 2000), in this case the limitation period is not tolled because there is no administrative exhaustion requirement.  No statute requires a non-prisoner plaintiff to exhaust his administrative remedies before filing a § 1983 suit.  A plaintiff who is not required to comply with an exhaustion requirement cannot claim the benefit of tolling based on that requirement.  This is particularly true where the limitation period is not a short one and plaintiff has not explained how he was prevented from filing suit within the statutory period.

## Conclusion

The court adopts the Magistrate Judge's report and recommendation as the decision of the court.  Judgment will be entered accordingly.

So ordered this 5th day of December, 2006.

   /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge

---

[1] Plaintiff has also asserted a claim of malicious prosecution, which is subject to a two-year limitation period.  M.C.L. 600.5805(5).