UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| DAVID J. SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:06-cv-568 |
| | ) | |
| v. | ) | Hon. Wendell A. Miles |
| | ) | |
| UNKNOWN PATRICK et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____) | | |

**ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

This was a civil action brought by a former state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff sued four corrections officers employed at the Deerfield Correctional Facility regarding events that occurred before he was released from prison. The Court granted Plaintiff leave to proceed *in forma pauperis*. By order and judgment entered December 5, 2006, the Court dismissed Plaintiff's action as frivolous because his claims were barred by the statute of limitations. Plaintiff has now filed a notice of appeal (docket # 11), accompanied by a motion for leave to appeal *in forma pauperis* (docket # 12).

Title 28 U.S.C. § 1915(a)(3) provides that an appeal may not be taken *in forma pauperis* "if the trial court certifies in writing that the appeal is not taken in good faith." Where, as here, the party seeking to appeal *in forma pauperis* is not a prisoner, the Court must screen the proposed appeal to determine whether it meets the standard of this section. *See Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997). Section 1915(a)(3) establishes an objective standard. *See Coppedge v.*

*United States*, 369 U.S. 438, 445 (1962); *Klein v. Emmett County Court*, No. 2:05-cv-183, 2005 WL 3071781, at * 2 (W.D. Mich. Nov. 16, 2005); *Wilson v. Todd*, 178 F. Supp. 2d 925, 929 (W.D. Tenn. 2001); *Anderson v. Sundquist*, 1 F. Supp. 2d 828, 835 (W.D. Tenn. 1998); *Brown v. Carpenter*, 889 F. Supp. 1028, 1034 (W.D. Tenn. 1995); *Nabkey v. Gibson*, 923 F. Supp. 117, 122 (W.D. Mich. 1990).  In order to meet the good-faith standard, an appellant must show that the appeal presents a substantial question that is not frivolous.  *Anderson*, 1 F. Supp. 2d at 835; *Ishaaq v. Compton*, 900 F. Supp. 935, 945 (W.D. Tenn. 1995); *Oswald v. Graves*, 819 F. Supp. 680, 685 (E.D. Mich. 1993).  Section 1915(a)(1) requires an affidavit by plaintiff identifying the "nature" of his appeal, including some specificity identifying the basis of the appeal, supporting his belief that he is a "person entitled to redress." 28 U.S.C. § 1915(a)(1).  This requirement is designed to assist courts in the process of determining whether an appeal is taken in good faith.  *See, e.g., Harlem River Consumers Co-Op, Inc. v. Associated Growers of Harlem, Inc.*, 71 F.R.D. 93, 97 (S.D.N.Y. 1976) (appeal could not be certified as being taken in good faith where plaintiff's submissions failed to specify "what specific questions [were] sufficient to warrant the relief sought in connection with this appeal."); *Dupont v. Southern Pac. Co.*, 231 F. Supp. 601, 602-03 (W.D. La. 1964) ("[A] person desiring to appeal *in forma pauperis* must state in the affidavit the grounds relied upon for his appeal in order that the district court may make the necessary determinations."); *accord Douglas v. Green*, 327 F.2d 661, 662 (6th Cir. 1964) (denying appellant's motion to proceed *in forma pauperis* in the absence of a "specific statement" regarding the basis for the appeal).

Applying these standards, the Court certifies that the appeal is not taken in good faith. Plaintiff failed to identify with specificity the basis of his appeal as required by § 1915(a)(1).  The Court determines that any appeal would be frivolous and not worthy of the limited resources of the Court of Appeals.  Therefore:

IT IS ORDERED that Plaintiff's motion for leave to proceed *in forma pauperis* on appeal (docket #12) is DENIED. If Petitioner wishes to proceed with his appeal, he must pay the $455.00 appellate fee to the Clerk of this Court within thirty days of this order. Alternatively, Petitioner may file a motion for leave to proceed *in forma pauperis* in the Court of Appeals pursuant to the requirement set forth in FED. R. APP. P. 24(a)(5).

Dated:  February 2, 2007                                          /s/ Wendell A. Miles
                                                                                   Wendell A. Miles
                                                                                  Senior U.S. District Judge